FILED
JEANNE A. NAUGHTON, CLERK
FEB 28 2020
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>**ROBERT BROWNING,**<br>    Debtor. | Case No.: 19-19206-JKS<br>Chapter 7<br>Hon. John K. Sherwood, U.S.B.J. |
| **ARMANDO F. FLORES and MELINDA FLORES,**<br>    Plaintiffs,<br>v.<br>**ROBERT BROWNING,**<br>    Defendant. | Adversary No.: 19-02074-JKS |

### DECISION REGARDING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

The relief set forth on the following pages, numbered two (2) through ten (10), is hereby **ORDERED**.

_____
HONORABLE JOHN K. SHERWOOD
UNITED STATES BANKRUPTCY JUDGE

Dated: February 28, 2020

Page 2
Case:             Flores v. Browning
Adv. Pro. No.:    19-02074-JKS
Caption of Order: Decision Regarding Plaintiffs' Motion for Summary Judgment

## APPEARANCES:

**MITCHELL PERLMUTTER, ESQ.**
26 Journal Square
Suite 1102
Jersey City, New Jersey 07306
*Counsel for Plaintiffs*

**ROBERT BROWNING**
205 Bowers Street
Jersey City, New Jersey 07307
*Pro Se Debtor-Defendant*

Page 3
Case:           Flores v. Browning
Adv. Pro. No.:  19-02074-JKS
Caption of Order: Decision Regarding Plaintiffs' Motion for Summary Judgment

## PRELIMINARY STATEMENT

In this matter, the Court must decide whether a State Court judgment against Robert Browning (the "Debtor") in favor of Armando and Melinda Flores (the "Plaintiffs") can be discharged in bankruptcy. The judgment was entered after a multi-day jury trial in the State Court where the jury found that the Debtor had committed assault and battery upon Mr. Flores and awarded both compensatory and punitive damages. The key question is whether the findings of fact by the State Court are binding on the Debtor in this case. The Plaintiffs argue that they are, and thus it is not necessary to have another trial in this case over the nondischargeability of their judgment. For the reasons set forth below, the Court grants summary judgment in favor of the Plaintiffs because the State Court has already determined that the Debtor has committed a willful and malicious injury upon the Plaintiffs which is not dischargeable in bankruptcy under § 523(a)(6) of the Bankruptcy Code.

## JURISDICTION

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (I). This is the proper venue for this matter pursuant to 28 U.S.C. § 1408.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

1. On May 6, 2019, the Debtor filed for relief under Chapter 7 of the Bankruptcy Code.[1] On August 1, 2019, the Plaintiffs filed this adversary proceeding seeking to have a debt owed by the Debtor declared nondischargeable pursuant to 11 U.S.C. § 523(a)(6). The Plaintiffs argue that the debt is nondischargeable because it arose from a willful and malicious injury caused

---

[1] Case No. 19-19206.

Case 19-02074-JKS    Doc 22    Filed 02/28/20    Entered 02/28/20 15:01:13    Desc Main
Document      Page 4 of 10

Page 4
Case:            Flores v. Browning
Adv. Pro. No.:   19-02074-JKS
Caption of Order: Decision Regarding Plaintiffs' Motion for Summary Judgment

by the Debtor. The debt was reduced to judgment in civil litigation between the parties (the "State Court Litigation") that resulted in a unanimous jury verdict awarding the Plaintiffs compensatory and punitive damages against the Debtor based on a "brutal attack" on Mr. Flores.[2]

2. In the State Court Litigation, the jury was instructed as follows regarding the charges of assault and battery:

> "A person is subject to liability for an assault if he acts intending to cause a harmful or offensive contact with the other person, or to cause an . . . imminent apprehension of such . . . contact. And, if the person thereby is put into such imminent apprehension, a battery necessarily includes a preceding assault, and . . . extends to actual non-[consensual] contact."[3]

The jury was also instructed on the claim by the Debtor that he was acting in self-defense of an attack by Mr. Flores as follows:

> "Fundamentally, ladies and gentlemen, no person has a lawful right to lay hostile and menacing hands on another. However, the law does not require anyone to submit weakly to the unlawful infliction of violence upon him. He may resist the use or threatened use of force upon him. He may meet force with force, but he must use only such force as reasonably appears to him to be necessary under all the circumstances for the purpose of self protection.
>
> Accordingly, if you find that the defendant in this case has succeeded in proving that he was under attack by the plaintiff, and that the injury sustained by the plaintiff was inflicted by the defendant's having used only such force as, under all the circumstances, was necessary or reasonably appeared to have been necessary for his own protection, then the defense of self defense has been proven, and you must find in favor of the defendant and against the plaintiff."[4]

---

[2] ECF No. 1-1, ¶ 10. The record reflects that the Debtor bit Mr. Flores's nose off – the attack was brutal.
[3] ECF No. 10-8, Ex. M at 62-63.
[4] *Id.* at 64.

Case 19-02074-JKS    Doc 22    Filed 02/28/20    Entered 02/28/20 15:01:13    Desc Main
Document    Page 5 of 10

Page 5
Case:                Flores v. Browning
Adv. Pro. No.:       19-02074-JKS
Caption of Order: Decision Regarding Plaintiffs' Motion for Summary Judgment

The jury returned a unanimous decision that the Debtor committed assault and battery and that Mr. Flores did not assault the Debtor.[5] Then, the jury was instructed that to award punitive damages it must find:

> "that the injury, loss, or harm suffered by plaintiff was the result of defendant's acts or omissions, and that either, one, the defendant's conduct was malicious; or, two that the defendant acted in wanton and willful disregard of plaintiff's rights."

The trial court defined malicious conduct as "intentional wrongdoing in the sense of an evil-minded act." Willful or wanton conduct was defined as "a deliberate act or omission with knowledge of a high degree of probability of harm to another who foreseeably might be harmed by that act or omission and reckless indifference to the consequence of the act or omission."[6] Upon these instructions, the jury awarded punitive damages to the Plaintiffs.

3. The judgment in the State Court Litigation breaks down as follows:

   A. $1,160,000.00 for pain, suffering, disability, impairment and loss of enjoyment of life to Armando Flores;

   B. $65,583.61 for past medical expenses to Armando Flores;

   C. $35,352.52 for future medical expenses to Armando Flores;

   D. $580,000.00 for the loss of her spouse's services, society and consortium to Melinda Flores; and

   E. $500,000.00 in punitive damages to the Plaintiffs, plus statutory interest for pre- and post-judgment.[7]

---

[5] *Id.* at 106-08.
[6] *Id*. at 123-24.
[7] ECF No. 10-4, Ex. B at 2.

Case 19-02074-JKS    Doc 22    Filed 02/28/20    Entered 02/28/20 15:01:13    Desc Main
Document    Page 6 of 10

Page 6
Case:            Flores v. Browning
Adv. Pro. No.:   19-02074-JKS
Caption of Order: Decision Regarding Plaintiffs' Motion for Summary Judgment

4. On August 2, 2019, the Debtor, who is proceeding pro se, filed a two-page answer to the complaint in which he alleged that the Plaintiffs and Plaintiffs' counsel are perpetrating a fraud upon the Court and that the Debtor was assaulted by Mr. Flores.[8]

5. On December 6, 2019, the Debtor filed a motion to dismiss.[9] On January 7, 2020, the Court held a hearing and denied the Debtor's motion to dismiss this adversary proceeding.

6. On December 26, 2019, the Plaintiffs filed their motion for summary judgment. They argue that the debt cannot be discharged because the Debtor's actions were willful and malicious and therefore fall within the scope of 11 U.S.C. § 523(a)(6). The Plaintiffs also argue that this matter is ripe for summary judgment because the parties already litigated the issues in this case in the State Court Litigation and a jury returned a verdict in their favor.[10]

7. On January 2, 2020, the Debtor filed a response to the Plaintiffs' motion for summary judgment again asserting that he was the victim of an attack.[11] On January 9, 2020, the Debtor filed a second response in which he disputed a number of factual allegations made by the Plaintiffs.[12] In both pleadings, the Debtor attacks the State Court judgment on the grounds that the Plaintiffs offered false testimony at trial and contends that he was the victim of an attack. On January 22, 2020, the Plaintiffs filed a response.[13]

8. On February 4, 2020, the Court held a hearing on the motion for summary judgment. For the reasons set forth below, the Plaintiffs' motion for summary judgment is granted.

---

[8] ECF No. 3.
[9] ECF No. 9.
[10] ECF No. 10-2.
[11] ECF No. 12.
[12] ECF No. 13.
[13] ECF No. 17.

Case 19-02074-JKS    Doc 22    Filed 02/28/20    Entered 02/28/20 15:01:13    Desc Main
Document    Page 7 of 10

Page 7
Case:              Flores v. Browning
Adv. Pro. No.:     19-02074-JKS
Caption of Order: Decision Regarding Plaintiffs' Motion for Summary Judgment

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56, made applicable to this adversary proceeding by Bankruptcy Rule 7056, provides for entry of summary judgment where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[14]  A fact is considered material where its determination will have a direct impact on the outcome of the litigation under the applicable law.  An issue of material fact is considered genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  The Court must construe facts and inferences in a light most favorable to the non-moving party.[15]

Here, the Debtor disputes that he has caused a "willful and malicious" injury to the Plaintiffs by arguing that he was the victim of an assault by Mr. Flores and his son.  But this claim was raised by the Debtor in the State Court Litigation and the jury unanimously held that Mr. Flores did not assault the Debtor.  Essentially, the Debtor is seeking a second trial of facts that were decided against him in the State Court Litigation.  As set forth below, this Court is not required to revisit factual findings that have been made by a State Court.  To the extent that such findings establish a nondischargeability claim under § 523(a)(6) of the Bankruptcy Code, the case can be decided on summary judgment.

## ANALYSIS

The Chapter 7 discharge is a key feature of the Bankruptcy Code and works to provide the honest but unfortunate debtor with a "fresh start" upon the conclusion of a debtor's bankruptcy case.  Although the discharge is intended to free a debtor of all pre-petition debts, § 523 provides

---

[14] Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056.
[15] *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015).

Case 19-02074-JKS    Doc 22    Filed 02/28/20    Entered 02/28/20 15:01:13    Desc Main
Document    Page 8 of 10

Page 8
Case:             Flores v. Browning
Adv. Pro. No.:    19-02074-JKS
Caption of Order: Decision Regarding Plaintiffs' Motion for Summary Judgment

that certain debts are excepted from discharge. The exception at issue in this case depends on whether the debt owed by the Debtor arose from a willful and malicious injury he caused.

### A. Collateral Estoppel Bars The Debtor From Relitigating Facts.

Collateral estoppel is a preclusive doctrine that prevents a party from relitigating issues that were adjudicated in a prior lawsuit.[16] New Jersey's collateral estoppel standard applies because the Court "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment is rendered."[17] The doctrine of collateral estoppel is part "of the broader law of res judicata which bars re-litigation of any issue which was actually determined in a prior action, generally between the same parties, involving a different claim or cause of action."[18] In New Jersey, collateral estoppel applies when: (1) the issue in question is identical to the issue decided in the prior proceeding, (2) the issue was actually litigated in the prior proceeding, (3) the court in the prior proceeding entered a final judgment on the merits, (4) the court's determination on the issue in question was essential to the prior judgment, and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.[19] In this case, elements (2) – (5) are satisfied. The issue of whether the jury's findings in the State Court Litigation establish that the Debtor caused a willful and malicious injury to the Plaintiffs requires some additional analysis.

---

[16]*In re Docteroff*, 133 F.3d 210, 214 (3d Cir. 1997).
[17] *Migra v. Warren City School Dist. Bd. of Ed.*, 465 U.S. 75, 81 (1984).
[18]*Tarus v. Borough of Pine Hill*, 189 N.J. 497, 520 (2007) (citations omitted).
[19] *In re Hawkins*, 231 B.R. 222, 231 (D.N.J. 1999).

Case 19-02074-JKS    Doc 22    Filed 02/28/20    Entered 02/28/20 15:01:13    Desc Main
Document    Page 9 of 10

Page 9
Case:             Flores v. Browning
Adv. Pro. No.:    19-02074-JKS
Caption of Order: Decision Regarding Plaintiffs' Motion for Summary Judgment

### B. The Findings Of The Jury In The State Court Litigation Establish That The Debt Arose From The Willful And Malicious Conduct Of The Debtor.

Under § 523(a)(6), a debt is nondischargeable if the "debt [is] for willful and malicious injury by the debtor to another entity or the property of another entity." Courts have found that an injury fits within this definition "when an actor purposefully inflicts the injury or acts in such a manner that he is substantially certain that injury will result."[20] Put another way, "[S]ection 523(a)(6) requires the plaintiffs to prove that the debt arose from willful harm done with the intent to cause injury."[21]

In considering whether collateral estoppel applies, the Court has reviewed the jury instructions and jury verdict in the State Court Litigation. In the context of § 523(a)(6), courts have granted summary judgment based on a jury verdict for compensatory and punitive damages arising from an intentional tort by a debtor. This is because "assertions by [a debtor] are insufficient to rebut issues conclusively decided by a jury."[22]

In this case, the judgment and transcript from the State Court Litigation provide the necessary details to make a nondischargeability determination. The jury's findings regarding the assault and battery charge and punitive damages award can be summarized as follows: (1) the Debtor was liable for assault and battery because he intentionally made offensive contact with Mr. Flores, (2) the Debtor's claim that he was under assault by Mr. Flores and his son and was acting in self-defense was considered by the jury and rejected, and (3) punitive damages were awarded because the jury found that the Debtor's acts were malicious or committed with wanton and willful disregard of Plaintiff's rights. These findings and the brutality of the Debtor's assault upon Mr.

---

[20] *In re Viola*, 2013 WL 4273494, *2 (Bankr. D.N.J. Aug. 13, 2013) (citations omitted).
[21] *In re Beale*, 253 B.R. 644, 648 (Bankr. D. Md. 2000).
[22] *In re Beale*, 253 B.R. at 649-50.

Page 10
Case: Flores v. Browning
Adv. Pro. No.: 19-02074-JKS
Caption of Order: Decision Regarding Plaintiffs' Motion for Summary Judgment

Flores establish the elements of the Plaintiffs' claim under § 523(a)(6). Plaintiffs' claims against the Debtor have been adjudicated and the Court can conclude from the findings in the State Court Litigation that the Debtor intended to and did cause serious injury to Mr. Flores.

## **CONCLUSION**

For the reasons set forth above, the Plaintiffs' Motion for Summary Judgment is hereby granted. Plaintiffs' judgment against the Debtor dated November 16, 2015 in the amount of $2,351,931.76 plus post-judgment interest is non-dischargeable pursuant to § 523(a)(6).